# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

---

| | |
|---|---|
| RYAN RUSCHE, Personal Representative of the Estate of and next of kin of RICKEY LEON RUSCHE, Deceased; <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA; ANTHONY DEGIUSTI, Individually and as Deputy of the UNITED STATES MARHSALS SERVICE; and ROBERT LEWIS, Individually and as Agent of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL; <br><br> Defendants. | No. CIV-19-843-F <br><br> Judge _____ <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

---

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Ryan Rusche, personal representative of the estate of and next of kin of Rickey Leon Rusche, deceased, by and through his attorneys, SHAWN D. HODGES, AND ROMANUCCI & BLANDIN, LLC, and in complaining against Defendants, The United States of America; Anthony Degiusti, Individually and as Deputy of the United States Marshals Service; and Robert Lewis, Individually and as Agent of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control; pleading hypothetically and in the alternative, states as follows:

## JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

## NATURE OF ACTION

1

2. This cause of action arises from the use of excessive force against RICKEY LEON RUSCHE, deceased, by state and federal officials on January 30, 2018, at or near 31019 Tarver Drive, in the city of Pink, county of Pottawatomie, state of Oklahoma.

3. This cause of action arises from those injuries caused on January 30, 2018 by the Defendants ROBERT LEWIS, Agent of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, committed against the deceased through their negligence.

4. Plaintiff, RYAN RUSCHE has fully complied with the provisions of 51 O.S. §§ 156(B)-(C) and 157(B) of the Oklahoma Governmental Tort Claims Act. Exhibit 2, Plaintiff's Notice of Tort Claim.

5. This suit has been timely filed in that Plaintiff served notice of his claim on the Oklahoma Bureau of Narcotics and Dangerous Drugs Control and the Office of Management and Enterprise Services Risk Management Department within one year of the date the loss occurred and within 180 days after denial of the claim by the state subdivisions.

6. A cause of action arises pursuant to the Oklahoma Governmental Tort Claims Act; 42 U.S.C. §§1983 and 1988 and the Fourteenth Amendment to the United States Constitution to redress the deprivation of RICKY LEON RUSCHE's Constitutional rights on or about January 30, 2018 by the OKAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL.

7. This action arises from those injuries caused on January 30, 2018 by the Defendants UNITED STATES OF AMERICA (specifically, the United States Marshals Service) and ANTHONY DEGIUSTI, Deputy of the UNITED STATES MARSHALS

SERVICE (hereinafter "U.S. Marshals Service), committed against the deceased through their negligence under the Federal Tort Claims Act (28 U.S.C § 2671) as set forth herein.

8. Plaintiff, RYAN RUSCHE has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Exhibit 1, Standard Form 95.

9. This suit has been timely filed in that Plaintiff served notice of his claim on the United States of America less than two years after the incident forming the basis of this suit.

10. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the U.S. Marshals Service March 21, 2019 notice of denial of the administrative claim. Exhibit 2, Administrative Tort Claim Denial Letter.

11. A separate action arises pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) to redress the deprivation of RICKEY LEON RUSCHE's Constitutional rights on or about January 30, 2018 by the UNITED STATES OF AMERICA (specifically, the U.S. Marshals Service).

12. This cause of action is for money damages brought pursuant to the Federal Tort Claims Act, *Bivens* and the Fourth Amendment to the United States Constitution against Defendants the UNITED STATES OF AMERICA and ANTHONY DEGIUSTI as Deputy of the U.S. Marshals Service.

13. This cause of action is for money damages brought pursuant to Oklahoma State Law for claims of negligence against the individual Defendants ANTHONY DEGIUSTI, Deputy of the U.S. MARSHALS SERVICE; and ROBERT LEWIS, Agent of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL.

## JURISDICTION AND VENUE

14. This is an action for damages to provide for compensation and redress for the deprivation of rights and remedies as provided by 42 U.S.C. §§1983 and 1988, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Fourth and Fourteenth Amendments to the Constitution of the United States of America, the Statutes and Constitution of the State of Oklahoma, and remedies and relief provided under the common law.

15. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §§1331 and 1343 because the suit arises under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, 42 U.S.C. §1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the laws of the State of Oklahoma pursuant to 28 U.S.C. §1367.

16. The causes of action arose and unlawful activities occurred or were committed within the Western District of Oklahoma. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because all Defendants reside in this state within the Western District. Venue is proper in the Western District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

17. At all times relevant hereto, RICKEY LEON RUSCHE, deceased, was a citizen of the United States and a resident of Oklahoma City, Oklahoma.

18. At all times relevant hereto, Defendant ROBERT LEWIS was a resident of Oklahoma City, State of Oklahoma and has at all times relevant to this matter lived in Oklahoma

County and is an agent for the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL.

19. At all times relevant hereto, Defendant ROBERT LEWIS was acting within the scope of his official duties and representative capacity for the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL pursuant to its customs, policies, procedures and/or authorizations.

20. Defendant ROBERT LEWIS was, at all times material or relevant to this matter acting under color of law as an agent acting on behalf of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL.

21. At all times relevant hereto, Defendant UNITED STATES OF AMERICA, through its agent, U.S. Marshals Service, operates a regional office for the Western District of Oklahoma located at 200 NW 4th Street, 2nd Floor, Oklahoma City, Oklahoma 73102.

22. At all times relevant hereto, Defendant ANTHONY DEGIUSTI, Deputy of the U.S. Marshals Service, resides in the Western District of Oklahoma and is employed at the regional office located at 200 NW 4th Street, 2nd Floor, Oklahoma City, Oklahoma 73102.

23. Defendant, THE UNITED STATES OF AMERICA, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Oklahoma and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to Defendant.

24. Defendant ANTHONY DEGIUSTI, Deputy of the U.S. MARSHALS SERVICE, employee of the UNITED STATES OF AMERICA and sued in his individual and official capacity as agent of the UNITED STATES OF AMERICA and sued in his individual and official capacity as agent of the U.S. MARSHALS SERVICE, may be served by sending

a copy of the summons and of the complaint by certified mail to the civil-process clerk at the United States Attorney's office, to the Attorney General of the United States, and to Defendant.

## FACTUAL BACKGROUND

25. Prior to December 26, 2018, RICKEY LEON RUSCHE had been convicted of and was incarcerated for nonviolent property crimes.

26. On information and belief, on or around December 26, 2018, RICKEY LEON RUSCHE, deceased, was a resident at a correctional halfway house known as Carver Transitional Center, 400 South May Ave, in the city of Oklahoma City, County of Pottawatomie, state of Oklahoma.

27. The Carver Transitional Center is a residential re-entry facility owned and operated by CoreCivic, a corporation that owns and manages private prisons and detention centers. Residents are free to leave the Carver Transitional Center during the day for work, counseling and other reentry services.

28. On December 26, 2018, RICKEY LEON RUSCHE failed to return to the Carver Transitional Center for curfew.

29. On January 30, 2018, members of the U.S. Marshal's Service Task Force, including Defendant ANTHONY DEGIUSTI, Deputy of the U.S. MARSHALS SERVICE, along with state and local law enforcement officials, including ROBERT LEWIS, Agent of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL went to a mobile home located at 31019 Tarver Drive, city of Pink, county of Pottawatomie, state of Oklahoma to arrest RICKEY LEONE RUSCHE for not returning to his Transitional Center.

30. On January 30, 2018, at approximately 9:50 a.m., RICKEY LEON RUSCHE, was unarmed and present in an attic crawl space above the master bedroom in a mobile home at or near 31019 Tarver Drive, in the city of Pink, county of Pottawatomie, state of Oklahoma.

31. Members of the U.S. Marshals Service and the Oklahoma Bureau of Narcotics and Dangerous Drugs Control and other members of state and local law enforcement entered the mobile home and discovered that RICKEY LEON RUSCHE was unarmed in the attic crawl space.

32. Several portions of the ceiling were missing, providing visual access to the crawl space where RICKEY LEON RUSCHE was present.

33. Law enforcement knew that RICKEY LEON RUSCHE was unarmed and that they were under no threat of harm under the circumstances.

34. Officers allegedly drew their weapons and gave verbal commands to RICKEY LEON RUSCHE to show his hands and come down from the crawl space.

35. RICKEY LEON RUSCHE remained in the attack crawl space, within sight of the officers.

36. Following his alleged failure to comply with officer commands, David Moore, another officer at the scene grabbed part of RICKEY LEON RUSCHE's clothing in attempt to pull him from the crawl space.

37. According to civilian witnesses at the scene, RICKEY LEON RUSCHE made no verbal responses, shouts or threats in response to the officers' statements.

38. According to officers at the scene, following David Moore's attempt to physically pull him from the crawl space, RICKEY LEON RUSCHE allegedly attempted to break free

from the officer's grip, and began shouting, including the phrase "you're going to kill me" or "you're going to have to kill me."

39. At this time, Officers could visually confirm that RUSCHE remained unarmed.

40. While RICKEY LEON RUSCHE was still in the crawl space in the mobile home, Defendants DEGIUSTI and LEWIS then both opened fire on RICKEY LEON RUSCHE, striking him 12 times in multiple locations around his body, including the head; right shoulder; left shoulder; upper, middle and lower back; left forearm. These injuries ultimately caused RICKEY LEON RUSCHE's death.

41. Defendant DEGIUSTI used inappropriate, unwarranted, and unjustifiable force against RICKEY LEON RUSCHE when Defendant DEGIUSTI shot and killed him when he knew him to be unarmed and a nonviolent offender.

42. Defendant LEWIS used inappropriate, unwarranted, and unjustifiable force against RICKEY LEON RUSCHE when Defendant LEWIS shot and killed him when he knew him to be unarmed and a nonviolent offender.

43. In committing the acts alleged in the preceding paragraphs, Defendants DEGIUSTI and LEWIS were members of, and acting as agents and employees of the U.S. MARSHALS SERVICE and the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, respectively.

44. Defendants, U.S. MARSHALS SERVICE and the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL are liable as principals for all torts committed by their agents, including those committed by Defendants DEGIUSTI and LEWIS, respectively.

**COUNT I – 42 U.S.C. §1983—Excessive Force**
*Plaintiff v. Robert Lewis, Agent of the Oklahoma
Bureau of Narcotics and Dangerous Drugs Control*

45. Plaintiff hereby incorporates by reference paragraphs one through forty-four (1-44) as though fully stated and plead herein.

46. The aforementioned conduct of Defendant LEWIS, Agent of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

47. 42 U.S.C. §1983 creates a private right of action against any person who, under color of state law, deprives an individual to rights secured by the Constitution of the United States.

48. At all times relevant hereto, Defendant, OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, acting by and through its duly authorized officers, agents, representative and/or employees, including but not limited to Defendant LEWIS, owed a duty of care to plaintiff to refrain from using excessive force against others, including RICKEY LEON RUSCHE, deceased.

49. That at all times relevant hereto, it was the duty of Defendant LEWIS, individually and as officer, agent and/or employee of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, to refrain from using excessive force against others, including RICKEY LEON RUSCHE.

50. That at all times relevant hereto, defendant OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, acting by and through its duly authorized officers, agents, representative and/or employees, including but not limited to Defendant LEWIS, owed a duty of care to decedent to refrain from using unreasonable excessive force against others, including RICKEY LEON RUSCHE.

51. That at all times relevant hereto, it was the duty of Defendant LEWIS, individually and as officer, agent and/or employee of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, to refrain from using unreasonable excessive force against others, including RICKEY LEON RUSCHE.

52. That at all times relevant hereto, Defendant LEWIS was an authorized officer, agent, and employee of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, and was acting in the course of his employment and under color of state law.

53. That at all time relevant hereto, the aforementioned conduct of Defendant LEWIS, constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

54. That at all times relevant hereto, the aforementioned conduct of Defendant LEWIS, constituted unreasonable excessive force in violation of the Fourth Amendment to the United States Constitution.

55. That at all times relevant hereto, the actions of Defendant LEWIS, were objectively unreasonable and were undertaken intentionally with willful indifference to RICKEY LEON RUSCHE's Constitutional rights.

56. That at all time relevant hereto, the actions of Defendant LEWIS, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendant LEWIS used such force.

57. That at all times relevant hereto, the actions of Defendant LEWIS, were undertaken with malice, willfulness, and reckless indifference to the rights of RICKEY LEON RUSCHE.

58. That as a proximate cause of Defendant LEWIS's unreasonable and excessive use of force, RICKEY LEON RUSCHE experienced conscious pain and suffering.

59. That as a further proximate cause of Defendant LEWIS's unreasonable and unjustified excessive use of force, RICKEY LEON RUSCHE ultimately died.

60. As a further proximate cause of Defendant LEWIS's unjustified and excessive use of force, the Estate of RICKEY LEON RUSCHE has lost prospective net accumulations and has incurred medical and funeral expenses due to the decedent's injury and death.

61. Plaintiff, RYAN RUSCHE as Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, brings this cause of action pursuant to the Oklahoma Survival Statute, 12 O.S. §1051.

WHEREFORE, Plaintiff, RYAN RUSCHE Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, respectfully requests that this Court enter judgment against Defendants OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL and ROBERT LEWIS, awarding compensatory damages, including but not limited to medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT II – Survival Claim – Negligence
*Plaintiff v. Robert Lewis, Agent of the Oklahoma*
*Bureau of Narcotics and Dangerous Drugs Control*

62. Plaintiff hereby incorporates by reference paragraphs one through sixty-two (1-62) as though fully stated and plead herein.

63. That at all times relevant hereto, Defendant OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, acting by and through its duly authorized officer, agent, representative and/or employee, including but not limited to Defendant

11

LEWIS, owed a duty of care to plaintiff to only use reasonable force upon civilians, including RICKEY LEON RUSCHE, deceased.

64. That at all times relevant hereto, it was the duty of Defendant LEWIS, individually and as officer, agent, and/or employee of the OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, to only use reasonable force upon civilians, including RICKEY LEON RUSCHE.

65. Defendant LEWIS, individually and as officer, agent and/or employee of Defendant OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, breached the aforementioned duty by committing one or more of the following negligent actions:

   a. Pointed his weapon at RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger either to LEWIS or the public;

   b. Placed his finger on the trigger of his service weapon while pointing his weapon at RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger to either LEWIS or the public;

   c. Used deadly force against RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger either to LEWIS or the public;

   d. Shot RICKEY LEON RUSCHE in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where the decedent was posing no immediate threat or danger to LEWIS or the public;

   e. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where LEWIS knew that the decedent did not possess a firearm;

   f. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where LEWIS knew that the decedent did not possess a knife;

   g. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where LEWIS knew RUSCHE was not wanted for a violent felony or misdemeanor;

    h. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where LEWIS knew that the decedent did not possess any weapon; and,

    i. Applied physical force in excess of the force permitted by law and the policies of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control.

66. As a direct and proximate result of the shots fired by Defendant LEWIS, individually and as officer, agent and/or employee of Defendant OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, the decedent, RICKEY LEON RUSCHE, sustained substantial injuries and ultimately expired.

67. Plaintiff, RYAN RUSCHE as Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, brings this cause of action pursuant to the Oklahoma Survival Statute, 12 O.S. §1051.

WHEREFORE, Plaintiff, RYAN RUSCHE, as Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, respectfully requests that this Court enter judgment against Defendants, OKLAHOMA BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, and ROBERT LEWIS, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT III – *Bivens* – Excessive Force
*Plaintiff v. Anthony Degiusti, Deputy of the U.S. Marshals Service*

68. Plaintiff hereby incorporates by reference paragraphs one through sixty-seven (1-67) as though fully stated and plead herein.

69. The aforementioned conduct of Defendants ANTHONY DEGIUSTI, Deputy of the U.S. MARSHALS SERVICE constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

70. Pursuant to *Bivens*, the Fourth Amendment of the United States Constitution creates an implied cause of action for an individual whose Fourth Amendment freedom from unreasonable searches and seizures has been violated by federal agents.

71. At all times relevant hereto, Defendant U.S. MARSHALS SERVICE, acting by and through its duly authorized officers, agents, representative and/or employees, including but not limited to Defendant DEGIUSTI, owed a duty of care to plaintiff to refrain from using excessive force against others, including RICKEY LEON RUSCHE, deceased.

72. That at all times relevant hereto, it was the duty of Defendant DEGIUSTI, individually and as officer, agent and/or employee of the U.S. MARSHALS SERVICE, to refrain from using excessive force against others, including RICKEY LEON RUSCHE.

73. That at all times relevant hereto, defendant U.S. MARSHALS SERVICE, acting by and through its duly authorized officers, agents, representative and/or employees, including but not limited to Defendant DEGIUSTI, owed a duty of care to decedent to refrain from using unreasonable excessive force against others, including RICKEY LEON RUSCHE.

74. That at all times relevant hereto, it was the duty of Defendant DEGIUSTI, individually and as officer, agent and/or employee of the U.S. MARSHALS SERVICE, to refrain from using unreasonable excessive force against others, including RICKEY LEON RUSCHE.

75. That at all times relevant hereto, Defendant DEGIUSTI was an authorized officer, agent, and employee of the U.S. MARSHALS SERVICE, and was acting in the course of his employment and under color of federal law.

76. That at all times relevant hereto, the aforementioned conduct of Defendant DEGIUSTI, constituted unreasonable excessive force in violation of the Fourth Amendment to the United States Constitution.

77. That at all times relevant hereto, the actions of Defendant DEGIUSTI, was objectively unreasonable and was undertaken intentionally with willful indifference to RICKEY LEON RUSCHE's Constitutional rights.

78. That at all time relevant hereto, the actions of Defendant DEGIUSTI, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendant DEGIUSTI used such force.

79. That at all times relevant hereto, the actions of Defendant DEGIUSTI, was undertaken with malice, willfulness, and reckless indifference to the rights of RICKEY LEON RUSCHE.

80. That as a proximate cause of Defendant DEGIUSTI's unreasonable and excessive use of force, RICKEY LEON RUSCHE experienced conscious pain and suffering.

81. That as a further proximate cause of Defendant DEGIUSTI 's unreasonable and unjustified excessive use of force, RICKEY LEON RUSCHE ultimately died.

82. Plaintiff, RYAN RUSCHE as Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, brings this cause of action pursuant to the Oklahoma Survival Statute, 12 O.S. §1051.

   WHEREFORE, Plaintiff, RYAN RUSCHE Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA and ANTHONY DEGIUSTI, Individually and as Deputy as the U.S. MARSHALS SERVICE, awarding compensatory damages, including but not limited to medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT IV – Federal Tort Claims Act – Negligence
*Plaintiff v. United States of America*

83. Plaintiff hereby incorporates by reference paragraphs one through eighty-two (1-82) as though fully stated and plead herein.

84. That at all times relevant hereto, Defendants UNITED STATES OF AMERICA, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendant DEGIUSTI, owed a duty of care to plaintiff to only use reasonable force upon civilians, including RICKEY LEON RUSCHE, deceased.

85. Defendant DEGIUSTI at all relevant times, was acting within the scope of his employment with THE U.S. MARSHALS SERVICE

86. Defendant DEGIUSTI, individually and as officer, agent and/or employee of Defendants UNITED STATES OF AMERICA and THE U.S. MARSHALS SERVICE, breached the aforementioned duty by committing one or more of the following negligent actions:

   j. Pointed his weapon at RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger either to LEWIS or the public;

   k. Placed his finger on the trigger of his service weapon while pointing his weapon at RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger to either DEGIUSTI or the public;

   l. Used deadly force against RICKEY LEON RUSCHE under circumstances where he posed no immediate threat or danger either to DEGIUSTI or the public;

   m. Shot RICKEY LEON RUSCHE in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where the decedent was posing no immediate threat or danger to DEGIUSTI or the public;

   n. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where DEGIUSTI knew that the decedent did not possess a firearm;

    o. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where DEGIUSTI knew that the decedent did not possess a knife;

    p.

    q. Applied physical force in excess of the force permitted by law and the policies of the U.S. MARSHALS SERVICE;

    r. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where DEGIUSTI knew RUSCHE was not wanted for a violent felony or misdemeanor; and,

    s. Used deadly force against RICKEY LEON RUSCHE, shooting him in the head; right shoulder; left shoulder; upper, middle and lower back; left forearm, under circumstances where DEGIUSTI knew that the decedent did not possess any weapon.

87. As a direct and proximate result of one or more of the foregoing acts or omissions of Defendants UNITED STATES OF AMERICA and the U.S. MARSHALS SERVICE, the decedent, RICKEY LEON RUSCHE, sustained substantial injuries and ultimately expired.

88. Plaintiff, RYAN RUSCHE as Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, brings this cause of action pursuant to the Oklahoma Survival Statute, 12 O.S. §1051.

WHEREFORE, Plaintiff, RYAN RUSCHE Personal Representative of the Estate of RICKEY LEON RUSCHE, deceased, respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA and ANTHONY DEGIUSTI, Individually and as Deputy as the U.S. MARSHALS SERVICE, awarding compensatory damages, including but not limited to medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

                                                            Respectfully Submitted,

                                                            HODGES LAW FIRM

                                                            s/Shawn D. Hodges
                                                            Attorney for Plaintiff

Shawn D. Hodges
OBA No. 19122
Attorney for Plaintiff
131 N.W. 32nd St.
Newcastle, OK 73065
(405) 387-3711
shodgeslaw@gmail.com

                                                            ROMANUCCI & BLANDIN, LLC

                                                            s/Bhavani K. Raveendran
                                                            Attorney for Plaintiff

Bhavani K. Raveendran
Attorney No.: 35875
Attorney for Plaintiff
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
b.raveendran@rblaw.net